

**FILED**
**JUNE 14, 2007**
KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| HENRY W. SKINNER,<br><br>    Petitioner,<br><br>v.<br><br>NATHANIEL QUARTERMAN, DIRECTOR,<br>TEXAS DEPARTMENT OF<br>CRIMINAL JUSTICE,<br>CORRECTIONAL INSTITUTIONS<br>DIVISION,<br><br>    Respondent. | 2:99-CV-0045<br>** Capital Litigant ** |

## REPORT AND RECOMMENDATION TO DENY
## APPLICATION FOR CERTIFICATE OF APPEALABILITY

Petitioner HENRY W. SKINNER, on May 9, 2007, filed his notice of appeal. Petitioner also filed an application for a certificate of appealability (COA) in connection with the notice of appeal requesting this Court, pursuant to 28 U.S.C. § 2253, issue a certificate of appealability as to claim 4 in petitioner's first amended petition for writ of habeas corpus. Claim 4 involves five claims of ineffective assistance of trial counsel. On May 22, 2007, respondent filed his opposition to petitioner's application for COA.

Petitioner's five claims of ineffective assistance of counsel are that counsel:

1)     failed to effectively cross-examine witness Andrea Reed;

2)     failed to effectively present the blood spatter evidence reflected in police report of Officer Morse Burroughs and use this evidence in final argument;

     3)       failed to advise the defense toxicology expert of petitioner's codeine allergy;

     4)       failed to develop additional evidence as to Robert Donnell as a suspect; and

     5)       failed to have additional DNA testing performed.

All of these claims were addressed in the Findings, Conclusions and Recommendation (FCR) of the Magistrate Judge, filed September 29, 2006. (*See* FCR at pages 31 to 59). As set forth in the FCR, at pages 31-41 and 46-51, claims 1, 2, and 4 are allegations based upon what counsel should have done more effectively, *i.e.*, should have more effectively cross-examined witness Andrea Reed, should have more effectively presented final argument at the guilt-innocence stage, and should have more effectively investigated Robert Donnell as an alternative suspect. Claims 3 and 5 are allegations based upon actions trial counsel failed to perform.

<u>Cross-Examination of Andrea Reed</u>
(Claim 1)

The District Attorney, when questioning witness Andrea Reed, emphasized the fact that the only story petitioner Skinner told her to "swear to God not to tell," was the story about kicking Twila [Busby] to death. This testimony was an accurate recitation of witness Reed's prior statement to the police. While petitioner also made Reed promise not to tell other stories he related, petitioner only made her "swear to God" not to tell the story about kicking Twila to death. Consequently, the basis of petitioner's request for COA on this claim, which is not elaborated upon in his application for COA, is unclear. Further, even if counsel should have been more thorough on cross, defense counsel was still able to present to the jury, through a different witness, the fact that petitioner Skinner made Reed promise not to tell all of the stories he told her, and again presented this during final argument. Accordingly, no certificate of appealability should issue on this ground.

Blood Spatter
(Claim 2)

Regarding the failure to develop the blood spatter evidence and use such evidence during final argument, no certificate of appealability should issue on this ground for the reasons recited in the FCR at pages 39-41.  In particular, defense counsel cannot be considered ineffective for failing to respond to an argument the prosecutor made regarding the order in which the murders occurred when the argument was made during rebuttal.  Furthermore, even assuming trial counsel was ineffective for failing to provide the report containing this blood spatter evidence to their toxicology expert, no prejudice has been shown because the evidence that Elwin Caler had blood spots on his underwear neither undermines the State's theory as to the order of the murders nor, more importantly, undermines the evidence establishing Petitioner's guilt.  While Dr. Lowry testified at the hearing that he believed that Petitioner was too incapacitated to kill two people located in the same room, something that the blood spatter on Elwin Caler's underwear might suggest, the evidence presented at trial was that Twila was unconscious or dead when she was beaten and that Elwin was both mentally and physically handicapped.  And, Dr. Lowry's opinion was then and continues to be that Petitioner should have been incapable of doing all of the activity that he performed that night due to intoxication.  This additional evidence would not have strengthened his opinion such that there is a reasonable probability Petitioner would not have been convicted had this opinion been given.

Robert Donnell
(Claim 4)

With respect to the alleged failure to further develop Robert Donnell as a suspect, the only witness of significance who testified at the evidentiary hearing regarding Donnell was witness Debbie Ellis.  Petitioner, however, has not shown how trial counsel would have been

aware of Debbie Ellis' testimony.[1]  There was no testimony or evidence offered that Debbie Ellis was mentioned in any police investigative reports or other documents which were available to trial counsel or which through the exercise of due diligence should have become available.  No COA should issue as to this claim.

## Codeine Allergy
### (Claim 3)

Claim 3 regarding the failure of counsel to advise the toxicology expert of petitioner's codeine allergy while stronger than claims 1, 2, and 4, does not warrant issuance of a certificate of appealability.

First, petitioner did not establish at the evidentiary hearing, through any competent evidence, that he does, in fact, suffer from a codeine allergy.  Petitioner's letter to his counsel informing him that he had this allergy would have been inadmissible as hearsay.  Petitioner failed to offer any evidence of a codeine allergy other than his hearsay statements.  Petitioner did not testify at the evidentiary hearing, nor did he offer any medical evidence that he suffered from a codeine allergy.  Further, it is not at all clear how petitioner contends this additional information would have bolstered Dr. Lowry's opinion.  According to Dr. Lowry's testimony at the evidentiary hearing, if petitioner were allergic, the ingestion of codeine by petitioner would have rendered him more incapacitated than Dr. Lowry originally opined.  Dr. Lowry's testimony about petitioner's incapacitation, however, is directly rebutted by the undisputed fact that petitioner was able to travel from the victim's residence to Andrea Reed's residence, a distance of approximately three blocks.  This same evidence would contradict any determination by Dr. Lowry that petitioner was more incapacitated than he originally thought. Moreover, Petitioner is

---

[1] It is noted that habeas counsel did find witness Ellis and produced her at the evidentiary hearing held several years after the trial.

not able to establish, and has not established, that the codeine reflected in the analysis of petitioner's blood was ingested prior to the murders. Thus, any potential testimony from Dr. Lowry regarding an alleged codeine allergy and its affect on Petitioner at the time the murders took place would have been weakened by the lack of evidence that the codeine was taken prior to the murders. Accordingly, Petitioner has failed to establish that reasonable jurists would find this issue debatable.

Failure to have additional scientific tests performed.
(Claim 5)

The undersigned remains of the opinion that the decision not to have additional DNA testing conducted was a matter of sound trial strategy and was reasonable under all of the facts and circumstances. This issue was thoroughly discussed in the FCR at pages 55-59. Counsel, knowing what they knew then, made the decision not to pursue additional DNA testing, and the decision was a conscious decision made only after balancing the advantages and disadvantages of pursuing additional DNA testing. It is the opinion of the undersigned that to hold otherwise and find that counsel was ineffective in making such a tactical decision would be contrary to the well-settled law of this circuit regarding the effective assistance of counsel and would constitute nothing more than 20/20 hindsight. However, if a certificate of appealability is to be granted, it is the opinion of the undersigned that this ground is the strongest ground upon which to grant the certificate of appealability. Consequently, while it is the opinion of the undersigned that the decision not to pursue additional DNA testing was clearly a reasonable strategical decision and that reasonable jurists would not find this issue debatable, this is the strongest claim of petitioner upon which a certificate of appealability could issue.

<u>RECOMMENDATION</u>

For all of the reasons set forth above, it is the opinion and finding of the undersigned that petitioner, HENRY W. SKINNER, has failed to make a substantial showing of the denial of a federal constitutional right on any of his claims.  Accordingly, petitioner's application for certificate of appealability should be DENIED.

ENTERED this 14th day of June 2007.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

\* <u>**NOTICE OF RIGHT TO OBJECT**</u> \*

Any party may object to these proposed findings, conclusions and recommendation.  In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation.  Service is complete upon mailing, Fed. R. Civ. P. 5(b), <u>and</u> the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e).  Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed**.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).